IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02299-WDM-CBS

CALVIN A. DYKSTRA
    Applicant,
v.

JOE ORTIZ (Executive Director C.D.O.C.), and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,
    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Petitioner Calvin A. Dykstra's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") (filed November 16, 2006) (doc. # 3). Pursuant to the Order of Reference dated January 17, 2007 (doc. # 11), this matter was referred to the Magistrate Judge to "submit proposed findings of fact and recommendations." The court has reviewed the Petition, Respondent's Answer (filed January 19, 2007) (doc. 3 15), Mr. Dykstra's "Response to Answer . . ." (filed February 1, 2007) (doc. # 17), the entire case file, the exhibits, and the applicable law, and is sufficiently advised in the premises.

I.    Statement of the Case

    On April 22, 2002, Arapahoe District Judge Skillern sentenced Mr. Dykstra to three years imprisonment and two years mandatory parole. (*See* Judgment and Conviction, Sentence (doc. # 3) at p. 59 of 60). Mr. Dykstra was released from the Colorado Department of Corrections

(C.D.O.C.) on May 23, 2003 to serve mandatory parole. (*See* Order (doc. # 3) at p. 34 of 60). Mr. Dykstra absconded from parole and a parole complaint was filed on June 18, 2003, resulting in a Warrant of Arrest. (*See* Order (doc. # 3) at p. 34 of 60). Mr. Dykstra was arrested by the Tampa Police Department on February 23, 2003 for forgery and theft crimes. Subsequently, Mr. Dykstra was convicted and sentenced to a one year and one day imprisonment in the Florida Department of Corrections in Florida case no. 03-CF-015929 on March 03, 2005. (*See* Judgment (doc. # 3) at p. 45 of 60). Also, Mr. Dykstra was convicted and sentenced to a one year and one day imprisonment for fleeing and attempting to elude arrest in Florida case no. 04-CF-021783. (*See* Judgment (doc. # 3) at p. 47 of 60). Mr. Dykstra's sentence in Florida case no. 04-CF-021783 was to run concurrently with Florida case no. 03-CF-015929. (*See* Other Provisions (doc. # 3) at p. 49 of 60). After serving his Florida sentence, Mr. Dykstra was returned to the Colorado Department of Corrections on January 21, 2006 and his projected sentence discharge date was November 16, 2007. (*See* Colorado Department of Corrections Official Time Computation Report (doc. # 3) at p. 50 of 60).

Mr. Dykstra first filed a Modification to Mandatory Parole Time motion with the District Court of Arapahoe County on April 4, 2006. (See Motion (doc. # 3) at p. 42 of 60). The district court denied Mr. Dykstra's motion and Mr. Dykstra then filed a Petition for Writ in the Nature of Prohibition and Mandamus to the Supreme Court of Colorado. (*See* Order (doc. # 3) at p. 34 of 60); Petition (doc. # 3) at p. 23 of 60). The court denied Mr. Dykstra's Petition on September 27, 2006. (*See* Order of Court (doc. # 3) at p. 22 of 60). On November 16, 2006, Mr. Dykstra filed his Petition in the United State District Court for the District of Colorado pursuant to 28 U.S.C. § 2254. (*See* Petition (doc. # 3) at p. 1 of 60). In his first claim, Mr. Dykstra contends his

due process rights were violated when he was not returned to Colorado custody "post haste" after his Florida arrest. (*See* Petition (doc. # 3) at pgs. 6-7 of 60). In his second claim, Mr. Dykstra contends his equal protection rights were violated because the Colorado Board of Parole denied him credit for the time he spent in Florida custody. (*See* Petition (doc. # 3) at p. 9 of 60). In his third claim, Mr. Dykstra contends the Colorado Board of Parole failed to provide him with a parole revocation hearing within thirty days of his return to custody. (*See* Petition (doc. # 3) at p. 9 of 60). Mr. Dykstra seeks a time credit for the 331 days he was in Florida custody. (*See* Petition (doc. # 3) at p. 10 of 60).

II.     Standard of Review

Title 28 U.S.C. § 2254 is used by prisoners to attack the validity of a sentence. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). However, Mr. Dykstra is not attacking the validity of his sentence, but rather the execution of his sentence. Thus, Mr. Dykstra's petition is more properly construed as a Title 28 U.S.C. § 2241 petition. *Id.*; *see also Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001) (stating that "[Prisoner's] petition concerns the execution of his sentence and under our precedent probably should be considered pursuant to 28 U.S.C. § 2241, rather than § 2254). Before the merits can be addressed, section 2241 requires the petitioner to meet the "in custody" jurisdictional requirement, and to have exhausted all state remedies.

Mr. Dykstra meets the "in custody" jurisdictional requirement. Jurisdiction is proper if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States" at the time of his initial petition filing date. 28 U.S.C. § 2241 (2006); *see Santillanes v. U.S. Parole*

3

*Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (stating that "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief . . ."). Mr. Dykstra was incarcerated at the C.D.O.C. at the time he filed his initial petition in federal district court on November 3, 2006. Therefore, Mr. Dykstra meets this jurisdictional requirement.

However, Mr. Dykstra has not exhausted all state remedies. A state prisoner must first exhaust all state remedies before he can bring a federal habeas action under section 2241 or section 2254. *Montez,* 208 F.3d at 866. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994); accord *Pinkey v. Ortiz*, 213 Fed. Appx. 678, 679 (10th Cir. 2007 (applying *Dever* to prisoner's 2241 petition). Mr. Dykstra still has not directly appealed his motion to the Colorado Court of Appeals. Thus, he has not satisfied the direct review requirement stated in *Dever*. Moreover, even though Mr. Dykstra filed a petition for a writ with the Supreme Court of Colorado, this does not constitute exhaustion of state remedies. The Supreme Court of Colorado has stated that it "will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court." *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

Even though Mr. Dykstra has not exhausted his state remedies, his case need not be determined on this procedural issue alone because it can be decided more efficiently on the merits. *See Miller v. Mullin*, 354 F.3d 1288, 1297-98 (10th Cir. 2004) ("In the interest of judicial economy, [w]e need not and do not address these issues, however, because the case may be more easily and succinctly [decided] on the merits") (internal quotation marks and citations omitted),

4

*cert. denied*, 543 U.S. 1154 (2005). Moreover, it is Mr. Dykstra's request that this court address the merits of his case. (*See* Response (doc. # 17) at p. 4 of 10).

III.     Analysis

The record before the court shows that Mr. Dykstra was released from incarceration on or about June 20, 2007. (*See* Notice of Change of Address (doc. # 23) p. 1 of 1). Because of his release, the court initially addresses whether Mr. Dykstra's claim is now moot. A habeas corpus petition does not become moot solely because the prisoner has been released on parole. *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997). Rather, the petition becomes moot if the prisoner is not suffering adverse collateral consequences "traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

The Tenth Circuit Court of Appeals has recognized that under certain state laws, a prisoner is considered to still be in the custody of the institution that released him to parole and therefore, the prisoner's petition for good time credits is not moot because his parole sentence can be shortened. *See Aragon v. Shanks*, 144 F.3d 690, 692 (10th Cir. 1998) (citing New Mexico's statute on parole authority as support for its conclusion that "credits that could affect the length of a petitioner's sentence would also necessarily affect the length of any concomitant parole") (N. M. Stat. § 31-21-10(D) (1978) states "[e]very person while on parole shall remain in the legal custody of the institution from which the person was released."). Similar to New Mexico's statute, C.R.S. § 17-2-206(3) (2006) states that "[o]ffenders on parole shall remain under the legal custody and shall be subject at any time to be returned to a correctional facility." Although Mr. Dykstra is no longer at the C.D.O.C. and appears to be on parole, his habeas corpus petition

might not be moot because he remains in the legal custody of the C.D.O.C. while on parole and application of time credits might shorten his parole sentence. (*See* Notice of Change of Address (doc. # 23) p. 1 of 2 (this court construes the change of address as notice that petitioner is no longer at the C.D.O.C.).

In his first claim, Mr. Dykstra asserts his due process rights were violated when Colorado failed to extradite him immediately after his Florida arrest. Mr. Dykstra cites *People v. Quackenbush*, 687 P.2d 448 (Colo. 1984), and argues that his extradition waiver is akin to "a demand for immediate custody of a prisoner in an asylum state." (See Petition (doc. # 3) at p. 6 of 60). *Quackenbush*, however, does not support Mr. Dykstra's claim. Instead, *Quackenbush* asserts that the governor may issue an extradition warrant to compel the return of the fugitive; nowhere in the opinion does it state that a waiver of extradition compels a fugitive's return. *See Quackenbush*, 687 P.2d at 450 ("The Uniform Act provides that the governor may demand the return of a person charged with a crime in the state from the executive authority of any other state by issuing a warrant under seal.") (citing C.R.S. § 16-19-123(8)).

Additionally, in *Aycox v. Lytle*, 196 F.3d 1174 (10th Cir. 2000), the Tenth Circuit could find no authority "establishing a constitutional right in the fugitive to compel his own extradition." *Id.* at 1178. The "constitutional dimension of extradition exists only when demand is made by one jurisdiction for the surrender of a person in another jurisdiction." *Id.* (citing *Ortega v. City of Kansas City*, 875 F.2d 1497, 1499 (10th Cir. 1989). Therefore, Mr. Dykstra's waiver of extradition did not compel Colorado to extradite him from Florida and his due process rights were not violated.

In his second claim, Mr. Dykstra contends his equal protection rights were violated

6

because the Colorado Board of Parole denied him credit for the time he spent in Florida custody. He alleged that other prisoners in similar situations were given time credit and "if one gets credit, all should get credit." (*See* Petition (doc. # 3) at p. 10 of 60). While the record indicates that Mr. Dykstra's two Florida sentences were to run concurrently, there is no evidence in the record that Mr. Dykstra's Florida sentences were to run concurrent to his Colorado sentence. (*See* Respondents' Exhibits C through G (docs. # 15-4, # 15-5, # 15-6, # 15-7, # 15-8)). Further, Colorado law clearly states that a prisoner's time computation excludes the time that the prisoner was "at large by reason of escape." C.R.S. § 17-22.5-103 (2006) ("No inmate shall be discharged from the department until he has remained the full term for which he was sentenced, to be computed on and after the day on which he was received into the same and excluding any time the inmate may have been at large by reason of escape therefrom, unless he is pardoned or otherwise released by legal authority."). An escaped prisoner is not entitled to time credit for imprisonment in another jurisdiction. *See Barber v. Cooper*, 719 P.2d 1094, 1095 (Colo. 1986) (holding that an escaped state prisoner who subsequently violated federal law was not entitled to credit for his federal prison confinement because a prisoner has no constitutional right to serve one sentence before another and the state's refusal to immediately regain custody of the prisoner was not prejudicial or unfair to the prisoner); *see also Crater v. Furlong*, 884 P.2d 1127, 1130 (Colo. 1994) (holding that an escaped C.D.O.C. prisoner is not entitled to credit for time spent in another state prison because the prisoner has not "alleged any agreement with Colorado that he be given credit for the sentences he served in Kentucky or Illinois, nor has he provided any other appropriate basis for crediting him . . . ."). Mr. Dykstra is not entitled to credit for the time he spent in Florida custody after his parole violation and subsequent absconder status.

In his third claim, Mr. Dykstra argues that the Colorado Board of Parole failed to provide him with a parole revocation hearing within thirty days of his return to custody. Section 17-2-103(7) of the Colorado Revised Statutes governs parole revocation hearings and provides that "the hearing on revocation shall be held within a reasonable time, not to exceed thirty days after the parolee was arrested; . . ." In *Turman v. Buckallew*, the Colorado Supreme Court interpreted this statute to mean that an escaped parolee does not have a thirty-day hearing right until he is returned to Colorado's jurisdiction. 784 P.2d 774, 788 (Colo. 1989). By Mr. Dykstra's own admission, he was not held beyond the thirty-day time limit after his return to Colorado jurisdiction. In his petition to the Colorado Supreme Court, Dykstra states that "[p]etitioner arrived in Colorado on 21 Jan 06 and came before the Colorado Board of Parole on 10 Feb 06 . . . ." (*See* Petition (doc. # 3) at p. 25 of 60). Thus, Mr. Dykstra's third claim fails because he was not held beyond the thirty-day time limit for parole revocation hearings.

In conclusion, IT IS RECOMMENDED that the Petition (doc. # 3) be DENIED and this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 7th day of February, 2008.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge